# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**STEVEN VINCENT SANN**,<br><br>                      Debtor. | Case No. **14-61370-7** |
| **Christy L. Brandon**,<br><br>                      Plaintiff.<br><br>-vs-<br><br>**MICHAEL J. SHERWOOD** and **Michael J. Sherwood, P.C.**,<br><br>                      Defendants. | Adv No. **15-00023** |

## MEMORANDUM OF DECISION

At Butte in said District this 26th day of February, 2016.

In this adversary proceeding, the Court held a hearing after due notice at Missoula on February 4, 2016, on the Motion to Dismiss the Third Party Complaint (Document No. 46), filed on January 5, 2016, by Third Party Defendants the United States of America on behalf of the United States Department of Justice ("DOJ"), Neil [sic] G. Jensen in his capacity as the United States Trustee for the District of Montana, and the United States Trustee Program ("UST") (together hereinafter the "Federal Defendants"). No appearance was made at the hearing on behalf of the Federal Defendants. Defendant and Third Party Plaintiff Michael J. Sherwood ("Sherwood") of Defendant Michael J. Sherwood, P.C., appeared. No testimony was offered, no

1

exhibits were admitted, and no argument of counsel was offered.  The Court deemed the matter submitted on the briefs and took the Motion to Dismiss under advisement.  After review of the Federal Defendants' Motion to Dismiss, Third Party Plaintiffs' response, and the Federal Defendants' reply, and the record, this matter is ready for decision.  For the reasons set forth below, the Motion to Dismiss Third Party Complaint will be granted based on the Federal Defendants' sovereign immunity and thus this Court's lack of subject matter jurisdiction.

This Court has jurisdiction of the Plaintiff's claims in the above-captioned adversary proceeding, in which the Plaintiff/Trustee Christy L. Brandon seeks recovery of funds and an accounting from Defendants under 11 U.S.C. §§ 542 and 543 and under 28 U.S.C. § 1334(b) as arising under Title 11 of the U.S. Code and as related to the above-captioned Chapter 7 bankruptcy.  Plaintiffs' claims for relief in this adversary proceeding are core proceedings under 28 U.S.C. § 157(b)(2).

## BACKGROUND AND PROCEDURAL HISTORY

No remaining disputed issues of fact[1] exist relating to the Federal Defendants' Motion to Dismiss.  The above-captioned bankruptcy case was commenced by the Debtor Steven V. Sann ("Sann") on September 29, 2014, when he filed a voluntary chapter 11 petition.  The case was converted to a case under Chapter 7 of the Bankruptcy Code on April 29, 2015, for "cause" under 11 U.S.C. § 1112(b)(1) based upon, *inter alia*, this Court's findings of substantial and continuing loss or diminution of the estate and absence of a reasonable likelihood of rehabilitation, gross

---

[1] The parties debate whether there exist statutes designated as 28 U.S.C. §§ 334 and 367.  The Court resolves this by reference to the United States Code:  Section 334 ("Institutes and joint councils on sentencing") exists; 28 U.S.C. § 367 does not.  Neither applies in this adversary proceeding.

2

mismanagement of the estate, and that conversion rather than dismissal was in the best interests of creditors and the estate because of Sann's guilty pleas to three felony counts including wire fraud and money laundering.[2] The Court found that Sann diverted monies which had been frozen by an "asset freeze" ordered by the United States District Court for the District of Montana in Cause No. CF 13-3-M-DLC, but from which a $17,844 monthly draw had been carved out in order to pay Sann's living expenses, plus funds to pay two mortgages; Sann diverted those draws instead to pay his attorneys, including the Defendants in the instant adversary proceeding, without authority from this Court or the district court and in violation of the asset freeze.[3]

Plaintiff was appointed Trustee for Sann's Chapter 7 estate on April 30, 2015. She filed an asset notice, employed attorneys and commenced the instant adversary proceeding by filing a complaint on July 16, 2015. The complaint sets forth two claims for relief: Count I seeks turnover of approximately $648,352.20 in the Sherwood P.C. IOLTA Trust account ("Trust Funds") pursuant to 11 U.S.C. §§ 542 and 543; and Count II requests an accounting of all estate funds over which Sherwood had possession or control pursuant to 11 U.S.C. § 543(b)(2) and requests that the Court order Sherwood to pay the estate for any estate funds which Sherwood wrongfully disbursed under 11 U.S.C. § 543(c).

On September 25, 2016, Defendants filed an answer and counterclaim. On December 3, 2016, Defendants filed an amended answer, counterclaim and Third Party Complaint. The defenses in the amended answer aver: (1) That Defendants' actions were in compliance with the

---

[2] The Memorandum of Decision is Document No. 248 in Case No. 14-61370.

[3] Debtor filed a timely appeal of the memorandum and order converting the case, which remains pending.

3

prior orders of the U.S. District Court and at the direction of the United States Federal Trade Commission ("FTC"); (2) that Defendants paid all remaining funds in their IOLTA Trust Account to Plaintiff in August 2015 and delivered an accounting of those funds, which constitutes accord and satisfaction; (3) that estoppel bars Plaintiff's unilateral demand for payment because the Trust Funds were in Defendants' possession as gratuitous bailees, who would not transfer the funds without a further order of the district court or express direction from both the Debtor and FTC; (4) that Plaintiff failed to join Sann as a necessary party; (5) failure to state a claim for which relief can be granted.

Defendants' counterclaim against the Trustee alleges that the complaint was presented for the improper purpose of coercing Defendants to deliver funds which Plaintiff was not yet entitled to receive under district court orders; and requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA") and Federal Rules of Bankruptcy for Defendants' attorney time and costs expended in defending against the "premature" complaint which Plaintiff refused to dismiss.

The Third Party Complaint incorporates all prior factual and legal allegations in the amended answer and counterclaim. The Third Party Complaint then requests an award of attorneys fees and costs against the Federal Defendants under the EAJA on the theory that the Plaintiff, who is the appointed Trustee in the above-captioned Chapter 7 bankruptcy case, is an agent of the Federal Defendants which are agencies of the United States under 28 U.S.C. § 2412(d)(2)(C),[4] and therefore the Federal Defendants are jointly or severally liable for payment

---

[4] Section 2412(d)(2)(C) of the EAJA provides: "'United States' includes any agency and any official of the United States acting in her or her official capacity."

4

of Defendants' reasonable attorney fees.

The Federal Defendants filed their Motion to Dismiss on January 5, 2016, seeking dismissal under Rule 12(b)(5) for insufficient service of process, for lack of subject matter jurisdiction under Rule 12(b)(1) based upon the United States' sovereign immunity and lack of any waiver thereof, and further asserting that the Plaintiff as a private trustee is not an agent or employee of the United States so the EAJA does not apply, and that allegations of negligent supervision of the Plaintiff are barred under the Federal Tort Claims Act ("FTCA").

Defendants' response in opposition to the Motion to Dismiss includes attached signed receipts of certified mail sent to the Attorney General of the United States, the U.S. Attorney for the District of Montana, and the UST.  Defendants admit that they initially failed to properly serve the United States, but now has, and that therefore the Rule 12(b)(5) ground for dismissal now is moot.  Defendants cite § 6 of the *Restatement (Second) of Agency* and the statutory list of core proceedings at 28 U.S.C. § 157 as support for a finding that this Court has jurisdiction because the Plaintiff is performing a function that normally would be accomplished by the "United States Bankruptcy Trustee" which is an undisputed federal official.  Defendants clarify that their Third Party Complaint is "not premised upon negligence, but rather agency[,]" and under the *Restatement (Second) of Agency,* §1, the Federal Defendants are liable for the acts of their agent.

The Federal Defendants reply that the Plaintiff is a private, independent trustee performing her statutory and fiduciary duties to marshal and sell assets so the proceeds can be distributed to the estate's creditors and that chapter 7 trustees are not employees or agents of the United States.  They argue that 28 U.S.C. § 157, 11 U.S.C. § 330 and the EAJA do not provide

the bankruptcy court with jurisdiction or a waiver of sovereign immunity of the United States or its officials, against the claim based on agency asserted by Defendants in the Third Party Complaint, while 11 U.S.C. § 106(a)(1) lists specific sections of the Bankruptcy Code with respect to which sovereign immunity is abrogated notwithstanding its assertion.

## DISCUSSION

We begin with the Federal Defendants' first ground for dismissal, i.e., alleging insufficient service of process under Rule 12(b)(5) (applicable in adversary proceedings under Fed. R. Bank. P. 7012(b)). Defendants' reply includes receipts of certified mail signed by or on behalf of the Attorney General of the United States, the U.S. Attorney for the District of Montana, and the UST, based upon which Defendants argue that sufficient service of process has been accomplished and the Rule 12(b)(5) ground is moot. The Federal Defendants' reply does not address Defendants' argument that the Rule 12(b)(5) ground for dismissal is moot. Since no appearance was made on behalf of the Federal Defendants at the hearing held on February 4, 2016, no evidence was offered or admitted based upon which the Court could make findings on whether service of process was insufficient. Defendants admitted their initial failure to accomplish service sufficiently, but argue that they cured their failure and the Rule 12(b)(5) issue is moot. Based upon the Federal Defendants' failure to appear in prosecution of their Motion at the hearing and lack of evidence, the Court deems their Rule 12(b)(5) ground for dismissal cured and thus moot.

The other grounds for dismissal asserted by the Federal Defendants is lack of subject matter jurisdiction under Rule 12(b)(1) based upon the United States's sovereign immunity. Defendants/Third Party Plaintiffs contend that this Court has jurisdiction under the same

jurisdictional provision asserted by the Plaintiff in her complaint, 28 U.S.C. § 157(b)(2)(A), under 11 U.S.C. § 330 of the Bankruptcy Code ("Compensation of officers") and because the Plaintiff is an agent of the United States.

The Ninth Circuit discussed sovereign immunity in suits against the DOJ and the UST at length in *Balser v. Department of Justice,*, 327 F.3d 903, 907-08 (9th Cir. 2003), *cert. denied*, 541 U.S. 1041, 124 S.Ct. 2159, 158 L.Ed.2d 729 (2004), in language which is applicable and helpful in understanding and clarifying the issues in the instant case:

> The United States, as a sovereign, is immune from suit unless it has waived its immunity. *See Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999); *U.S. v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim. See *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir.1988). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *U.S. v. Mottaz*, 476 U.S. 834, 841, 106 S.Ct. 2224, 90 L.Ed.2d 841 (1986) (citing *U.S. v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)). In sovereign immunity analysis, any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States. *See Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir.2001).
>
> In this case, the Balsers sued "The Department of Justice, Office of United States Trustee," which the Balsers now ask us to construe as an action against the United States trustee. However captioned, the suit plainly states a cause of action against the United States. The Department of Justice is undisputably an agency of the United States. *See* 28 U.S.C. § 501. The Office of United States Trustee is under the supervision of the United States Attorney General. *See* 28 U.S.C. § 581(a) & (c). The Attorney General of the United States is empowered to appoint United States trustees for each federal judicial district. *Id.* The term of the appointment is five years. See 28 U.S.C. § 581(b). Subject to certain restrictions that are not important to this analysis, the Attorney General fixes the annual salaries of United States trustees and assistant United States trustees. *See* 28 U.S.C. § 587. The United States trustee system is funded by the federal treasury by virtue of special fees collected in bankruptcy cases. *See* 28 U.S.C. § 589a(b).
>
> In sum, the district court properly construed the Balsers' action against

>"The Department of Justice, Office of United States Trustee" as one against the United States. As such, the doctrine of sovereign immunity would apply unless waived by the United States.
>
>A waiver of sovereign immunity by the United States must be expressed unequivocally. *See U.S. v. Nordic Village, Inc.*, 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). As a general matter, purported statutory waivers of sovereign immunity are not to be liberally construed. *Id*. at 34, 112 S.Ct. 1011.
>
>The Balsers argue that the Bankruptcy Code provides an express waiver of sovereign immunity for suits against United States trustees in 11 U.S.C. § 106(a). A close examination of the Code refutes this suggestion. Section 106(a) contains a waiver of sovereign immunity as to "a governmental unit." The phrase "governmental unit" is defined in 11 U.S.C. § 101(27) as follows:
>
>>"governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (*but not a United States trustee while serving as a trustee in a case under this title*), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government;
>
>*Id.* (emphasis supplied).
>
>Thus, by its plain terms, the Bankruptcy Code does not contain an unequivocally express waiver of sovereign immunity for United States trustees. To the contrary, United States trustees expressly are excepted from the § 106(a) sovereign immunity waiver. Thus, the Balsers' argument fails.

*Balser*, 327 F.3d at 907-08.

This Court previously has recognized that the United States may not be sued absent a waiver of its sovereign immunity. *Pulliam v. Jensen, et al. (In re Pulliam)*, 2012 WL 260745, *4 (Bankr. D. Mont. 2012), quoting *In re Franklin Savings Corp.*, 385 F.3d 1279, 1286 n.1 (9th Cir. 2004) (citing *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980)).  The Federal Defendants have not unequivocally expressed a waiver of their sovereign immunity and they have not consented to be sued by Defendants.  Instead, they move to dismiss

Defendants' Third Party Complaint based on their sovereign immunity.

The Ninth Circuit in *Balser* leaves no doubt that the Defendants' Third Party Complaint against United States, DOJ, and UST and Neal Jensen, is a cause of action against the United States to which sovereign immunity applies unless waived. *Balser*, 327 F.3d at 907-08. Defendants' objection admits at page 8 that the UST is "an undisputed federal official."[5] The Ninth Circuit more recently reiterated that courts lack subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim and a waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will be strictly construed and not implied. *Harger v. Dep't of Labor*, 569 F.3d 898, 903 (9th Cir. 2009), citing *Balser* and *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). Defendants/Third Party Plaintiffs in the instant adversary proceeding are required to show an unequivocally expressed waiver of sovereign immunity by the United States; they have failed to show such a waiver.

*Balser* and *Harger* are decisions by the United States Court of Appeals for the Ninth Circuit, and along with the decisions of the United States Supreme Court quoted therein *Balser* and *Harger* are binding precedent in this district and the Ninth Circuit. The *Restatement (Second) of Agency* is a fine legal resource, but neither the *Restatement (Second) of Agency* nor appeals to logic as urged by Defendants are legal authority which provide an unequivocally expressed waiver of sovereign immunity by the United States, or which Third Party Plaintiffs can substitute for, or use to avoid satisfying, the requirements to overcome the Federal Defendants' sovereign immunity set forth above in *Balser* and *Harger*. 327 F.3d at 907-08; *Harger*, 569 F.3d

---

[5]That would include UST's Neal Jensen.

9

at 903.

Neither do 28 U.S.C. § 157(b)(2) or 11 U.S.C. § 330 provide for unequivocally expressed waiver of sovereign immunity by the United States. Neither of those statutes mention sovereign immunity at all in their statutory text. Section 157(b)(2) lists core proceedings, including the core proceedings based upon which the Plaintiff seeks recovery of property from the Defendants in this adversary proceeding. However, 11 U.S.C. § 157(b)(2) does not provide for the unequivocally expressed waiver of sovereign immunity required under *Balser* and *Harger* and, thus, cannot overcome the lack of jurisdiction which results from Federal Defendants' sovereign immunity. *Balser*, 327 F.3d at 907; *Harger*, 569 F.3d at 903.

Section 330 of the Code provides for "Compensation of officers" but its text does not waive or otherwise address sovereign immunity. Defendants suggest that the term "officers"[6] in its title supplies the requisite jurisdiction for their Third Party Complaint. However, 11 U.S.C. § 330 does not provide for an unequivocally expressed waiver of sovereign immunity required under *Balser* and *Harger*.

The Bankruptcy Code includes a specific section which provides for waiver or abrogation of sovereign immunity at 11 U.S.C. § 106(a).

> (a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a government unit to the extent set forth in this section with respect to the following:
>
> (1) Sections 105, 106, 107, 108, 303, 346, 362, 363, 364, 365, 366, 502, 503, 505, 506, 510, 522, 523, 525, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 722, 724, 726, 744, 749, 764, 901, 922, 926, 928, 929, 944, 1107, 1141, 1142, 1143, 1146, 1201, 1203, 1205, 1206, 1227, 1231, 1301, 1305, and

---

[6] The term "officer" in 11 U.S.C. § 330 more likely refers to an officer of the estate, or officer of the court, than an officer of the United States.

1327 of this title.

(2) the court may hear and determine any issue arising with respect to the application of such sections to governmental units.

A leading bankruptcy commentator writes: "With respect to the federal government, section 106 specifies the circumstances under which Congress has waived the sovereign immunity of the United States in bankruptcy proceedings." 2 COLLIER ON BANKRUPTCY, ¶ 106.03 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2011).

The maxim "expressio unius est exclusio alterius" is a rule of interpretation, the principle of which is "[w]hen a statute limits a thing to be done in a particular mode, it includes a negative of any other mode." *Longview Fibre Co. v. Rasmussen*, 980 F.2d 1307, 1312–13 (9th Cir.1992), quoting *Raleigh & Gaston Ry. Co. v. Reid*, 80 U.S. (13 Wall.) 269, 270, 20 L.Ed. 570 (1871); see also *U.S. v. Contreras-Hernandez*, 628 F.3d 1169, n. 12 (9th Cir. 2011). Under this rule, 11 U.S.C. § 330 and 28 U.S.C. § 157 are not included in the list of 11 U.S.C. § 106(a) among the sections of the Code for which sovereign immunity is abrogated, and therefore 11 U.S.C. §§ 330 and 28 U.S.C. 157 will not be construed to include an express waiver of sovereign immunity. The same result occurs when applying the statutory construction canon which requires that "[w]here both a specific and a general statute address the same subject matter, the specific one takes precedence regardless of the sequence of the enactment, and must be applied first." *In re Padilla*, 222 F.3d 1184, 1192 (9th Cir. 2000).

Section 106(a)(1) includes 11 U.S.C. §§ 542 and 543, which are the bases for Plaintiffs' complaint to recover property from Defendants. However, the Plaintiff did not sue the Federal Defendants based upon 11 U.S.C. §§ 542 and 543, so 11 U.S.C. § 106(a)(1) did not abrogate

their sovereign immunity. Plaintiff sued the Defendants. Defendants' Third Party Complaint against the Federal Defendants is not based upon 11 U.S.C. §§ 542 and 543, but rather on principles of agency and the EAJA.

As for the UST, because of the definition of the term "governmental unit" at § 101(27)[7], the Ninth Circuit wrote in *Balser*: "Thus, by its plain terms, the Bankruptcy Code does not contain an unequivocally express waiver of sovereign immunity for United States trustees. To the contrary, United States trustees expressly are excepted from the § 106(a) sovereign immunity waiver." 327 F.3d at 908.[8]

Therefore, as for the United States, the DOJ, Neal Jensen and the UST, based upon the Defendants' failure to show an unequivocally expressed waiver of sovereign immunity, the Federal Defendants all are immune from suit under the United States' sovereign immunity. *Balser*, 327 F.3d at 907-08; *Harger*, 569 F.3d at 903. Given the Federal Defendants' sovereign immunity and their lack of consent to be sued, this Court lacks subject matter jurisdiction over Defendants' Third Party Complaint. *Balser*, 327 F.3d at 907; *Harger*, 569 F.3d at 903.

---

[7]Section 101(27) includes the parenthetical "(but not a United States trustee while serving as a trustee in a case under this title)." *See Balser*, 327 F.3d at 908. The case docket in the above-captioned bankruptcy case does not show that the UST served as a trustee in this case. Sann was a debtor in possession while the case was under Chapter 11, and the UST appointed the Trustee the day after the case was converted to Chapter 7. Notwithstanding, *Balser* is binding precedent.

[8]Footnote 2 from *Balser* explains another, procedural, ground for dismissing the UST: "The remedies provided by the Bankruptcy Code against the United States trustee are remedial in nature and to be conducted in the bankruptcy case. *See* Fed. R. Bankr. P. 2020." 327 F.3d at 908, n.2. Rule 2020 ("Review of Acts by the United States Trustee") provides: "A proceeding to contest any act or failure to act by the United States trustee is governed by Rule 9014." Defendants' Third Party Complaint against the UST in this adversary proceeding is improper procedure under *Balser*, and should have been brought in the main case.

The lack of jurisdiction means Defendants' EAJA claim for attorneys fees and costs against the Federal Defendants must be dismissed.  Section 2412(b) of the EAJA limits an award of fees and expenses in any civil action brought by or against the United States or its agency or official to "any court having jurisdiction of such action."  Since this Court lacks jurisdiction based on the Federal Defendants' sovereign immunity and Defendants' failure to show an unequivocally expressed waiver of sovereign immunity, attorney fees and costs are not available to Defendants under the EAJA.

Finally, the Court deems it appropriate to include a quotation from *Curry v. Castillo (In re Castillo)*, 297 F.3d 940 (9th Cir. 2002), in which the Ninth Circuit explained the respective duties and functions of the UST and standing trustees:

> Today, under the United States Trustee Program, the Attorney General appoints regional U.S. Trustees. These U.S. Trustees are charged with the responsibility of supervising the administration of bankruptcy cases. In regions with sufficient volume of Chapter 13 bankruptcy cases, the U.S. Trustee for that region "may, subject to the approval of the Attorney General, appoint one or more individuals to serve as standing trustee," 28 U.S.C. § 586(b), a position that is also referred to as a "private trustee." H.R.Rep. No. 95–595, at 101, 106–06 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6062, 6066–68. Standing trustees must satisfy the eligibility requirements of 11 U.S.C. § 321, and qualify under 11 U.S.C. § 322 and 28 U.S.C. § 586. Once appointed, the standing trustee-operating under the supervision of the U.S. Trustee and pursuant to legislative and judicial directives—performs a wide variety of functions previously performed by bankruptcy judges. The United States Trustee is the "watchdog" of the bankruptcy system, H.R.Rep. No. 95–595, at 4 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 5966, charged with preventing fraud and abuse and with "fill [ing] the vacuum" caused by possible creditor inactivity. H.R.Rep. No. 95–595, at 100 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6061. The establishment, maintenance, and supervision of the panel of bankruptcy trustees is the United States Trustee's "primary function, and his most important contribution to the administration of the bankruptcy system." H.R.Rep. No. 95–595, at 439 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6394–95.

>   iii. Duties of the Bankruptcy Trustee under the Bankruptcy Code
>
>   The statutory duties of a bankruptcy trustee operating under the aegis of the U.S. Trustee are enumerated in 11 U.S.C. §§ 704, 1302, 1304. Generally, the trustee is to gather and liquidate the property of the estate, to be accountable for the estate, ensure that the debtor performs his or her obligations, investigate the finances of the debtor, review the proofs of claim, and where appropriate, oppose the debtor's discharge, be available to provide relevant information to parties-in-interest, and by court order, operate the business on a short-term basis. The trustee also must prepare the final report and an accounting for the administration of the estate. 11 U.S.C. §§ 704, 1302. Just as in the nineteenth century (and earlier) the bankruptcy trustee performs both adjudicatory and administrative functions.
>
>   Thus in combining administrative duties with adjudicatory functions, Congress created a hybrid official. The bankruptcy trustee, both at common law and today, performs some functions historically viewed as judicial in nature, and others that are not. Although, like the common-law bankruptcy judicial officers, the trustee is charged with many legal, adjudicative, clerical, financial, administrative, and business functions, quasi-judicial immunity attaches to only those functions essential to the authoritative adjudication of private rights to the bankruptcy estate. [*Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993)].

*Curry*, 297 F.3d at 950-51; *see, Nilsen v. Neilson (In re Cedar Funding, Inc.)*, 419 B.R. 807, 822 (9th Cir. BAP 2009).

This Court in *Pulliam* discussed the application of quasi-judicial immunity, which protects a private trustee's discretionary acts, to the UST: "In light of the fact that United States trustees assume the judicial functions historically vested in bankruptcy and district courts, the actions of the United States trustees logically must be cloaked in the same immunity." 2012 WL 260745 at *5, quoting *Balser*, 327 F.3d at 910. Based on the foregoing,

**IT IS ORDERED** a separate Order shall be entered overruling Defendants' objections, granting the Federal Defendants' Motion to Dismiss Third Party Complaint, filed on January 5, 2016 (Doc. 46); and dismissing the Defendants/Third Party Plaintiffs' Third Party Complaint

included in Doc. 39 against the Federal Defendants the United States of America on behalf of the United States Department of Justice, Neal G. Jensen in his capacity as the United States Trustee for the District of Montana, and the United States Trustee Program.

/s/ Ralph B. Kirscher
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge