UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**STEVEN VINCENT SANN**,<br><br>Debtor. | Case No. **14-61370-7** |
| **Christy L. Brandon**,<br><br>Plaintiff.<br><br>-vs-<br><br>**MICHAEL J. SHERWOOD** and **Michael J. Sherwood, P.C.**,<br><br>Defendants. | Adv No. **15-00023** |

## MEMORANDUM OF DECISION

At Butte in said District this 28th day of April, 2016.

In this adversary proceeding Defendants Michael J. Sherwood ("Sherwood") and Michael J. Sherwood, P.C., filed a motion for summary judgment (Document No. 79) seeking judgment in their favor on all of Plaintiff's remaining claims, including requesting a finding that Plaintiff acted in bad faith and that Plaintiff and her counsel falsely certified certain allegations in the original complaint which was substantially motivated by intent to use the power of Plaintiff's office to coerce Defendants into doing what she knew she lacked the authority to demand and to entertain a motion for attorney fees. Defendants' motion is accompanied by a Statement of Uncontroverted Facts, exhibits and supporting brief. Plaintiff/Trustee Christy L. Brandon filed a response in opposition with a Statement of Genuine Issues and supporting exhibits. The Court

1

has reviewed Defendants' motion, brief, Statement of Uncontroverted Facts and Plaintiff's response and Statement of Genuine Issues.  The Court denies Defendants' motion for summary judgment for failure to satisfy their burden to show an absence of genuine issues of material fact.

Plaintiff filed her original complaint on July 16, 2015, seeking turnover of several kinds of property under 11 U.S.C. § 542, generally, and § 543, specifically.  During the course of this adversary proceeding Defendants turned over several of the items of property sought by the Plaintiff.  Trial of the Plaintiff's remaining claims is scheduled to be held on May 5, 2016.

Plaintiff moved for leave to file an amended complaint, which was granted without objection.  The first amended complaint ("FAC"), which supersedes the original complaint, seeks turnover, pursuant to § 542(a), of the sum of $53,532 still held in Defendants' trust account, after Defendants turned over $487,756.20 from their trust account.  Defendants filed an answer to the FAC contending that the funds were not estate property, because they were subject to a stipulated injunction order issued by the United States District Court for the District of Montana in Cause No. CV-13-3-M-DLC, that lack of notice occurred and that the obligation was extinguished by an earlier turnover of funds, allowing Plaintiff a double recovery.

Defendants filed their motion for summary judgment on April 5, 2016, repeating and expanding upon the averments of their answer to the FAC.  Defendants' Statement of Uncontroverted Facts (Document No. 81) avers 113 uncontroverted facts related to the background of the asset freeze imposed by the district court and Sherwood's disbursement of funds from the trust account.  Defendants contend that they do not meet the definition of "custodian" as set forth in 11 U.S.C. § 101(11) (Fact #87).  This contention is without merit given the allegations contained in the FAC.  They state that the district court modified a previous

order allowing the Plaintiff to collect frozen assets (Fact # 108).

Plaintiff's Statement of Genuine Issues (Doc. 89) lists 42 disputed issues, including: Nos. 7 and 8 which states that this Court previously stated that the Debtor's assets, inclusive of the funds in Defendants' trust account, are property of the estate; and No. 11 which states that the district court recognized that the funds in the trust account are property of the estate. Plaintiff's opposition brief argues: that Defendants failed to show that the $53,532 held in their trust account is not property of the estate, or that it was excluded; that Sherwood is obligated to turn over the $53,532 under § 542(a); and that Plaintiff has not already received turnover of the $53,532 through any prior turnover.

Defendants filed a reply brief contending that Plaintiff's initial complaint had no basis in applicable law under § 543 and that Plaintiff's FAC has no basis in applicable law under § 542(a), and repeating that the $53,532 in their trust account is not property of the estate.

## DISCUSSION

Summary judgment is governed by F.R.B.P. 7056. Rule 7056, incorporating Rule 56(c), Fed. R. Civ. P., states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (*quoting In re Aquaslide "N" Dive Corp.*, 85 B.R. 545, 547 (9th Cir. BAP 1987)). Once that burden has been met, "the opponent must affirmatively show that a material issue of fact remains

3

in dispute." *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir.1985).  That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Instead, to demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible in evidence.  *Aquaslide*, 85 B.R. at 547.

The moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact.  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986).

If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Thus, the Court's ultimate inquiry is to determine whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 631.

This Court concludes that Defendants failed to satisfy their heavy burden to show that no genuine issue of material fact exists.  Genuine issues of material fact remain with respect to the following crucial factual issues:  whether the $53,532 in Defendants' trust account is property of

the estate or whether prior orders of this court and the district court preclude any further factual determination; and whether the $53,532 was already paid to the Plaintiff in earlier turnovers.

A trial court "is not to make credibility determinations when making or denying summary judgment." *In re Wank*, 505 B.R. 878, 892 n.18 (9th Cir. BAP 2014), quoting *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012). While Defendants' Statement of Uncontroverted Facts and supporting exhibits constitute a substantial number of facts, this Court concludes that the specific facts of Plaintiff's Statement of Genuine Issues, particularly related to whether the $53,532 is property of the estate, unless precluded by prior orders, and has not been turned over previously, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in Plaintiff's favor. *T.W. Elec. Serv., Inc.*, 809 F.2d at 631. As the Court noted above, if a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied. *Id.* at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587. Having concluded that Defendants failed to satisfy their heavy burden to show absence of genuine issue of material fact, summary judgment will be denied and the issues may be decided after a trial.

**IT IS ORDERED** a separate Order shall be entered denying Defendants' motion for summary judgment filed on April 5, 2016; and vacating the hearing scheduled for May 5, 2016, on Defendants' motion for summary judgment.

/s/ Ralph B. Kirscher
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge